## CHARLESTOWN.

BOARD OF EDUCATION OF ST. GEORGE DISTRICT OF TUCKER
COUNTY v. PARSONS, SHERIFF, *et al.*

Submitted September 18, 1883—Decided October 2, 1883.

1. It is the purpose of a notice, on which to base a motion for judg-
ment, to acquaint the defendant with the grounds, on which he
is to be proceeded against ; and if it be so plain that the defend-
ant cannot mistake its object, it is sufficient, however wanting
it may be in form and technical accuracy.   (p. 311.)

2. It is the duty of an *ex-sheriff*, who has in his hands moneys belong-
ing to the board of education of a district in the county, upon
the demand of said board by an order, made and signed by its
president and secretary, and delivered to him requiring him to
pay such moneys to the present sheriff, and *treasurer* of the
board, to pay the same upon such order, unless he has legal
grounds for refusing to pay the same.   (p. 313.)

3. A motion may be made in the name of the board of education to
receive money of a sheriff and his sureties on his official bond.
(p. 313.)

The facts of the case are stated in the opinion of the
Court.

*W. B. Maxwell* for plaintiffs in error.

*A. B. Parsons* for defendants in error.

JOHNSON, PRESIDENT :

The Board of Education of St. George District of Tucker
county gave notice to the defendant, Ward Parsons, late
sheriff of said county, and S. B. Wamsley and S. W. Bow-
man, his sureties, of a motion to recover of them three hun-
dred and seventy-nine dollars and eighty-six cents, belonging
to the "building fund" of said board.   The notice was served
on the 29th day of April, 1882, and on the 11th day of May,
1882, the defendants appeared and moved the court to quash
the notice, which motion the court sustained and quashed
the notice, with costs.   To this judgment the plaintiff
obtained a writ of error.

The notice is in the same form and almost the exact words

of the notice in the preceding case, which is there copied entire. The money sought to be recovered in that case was of the "teachers-fund" and in this of the "building fund." For the reasons stated in the opinion in the preceding case the judgment is reversed with costs, the motion to quash overruled and the case remanded.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.    CASE REMANDED.